UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Coach, Inc., et al.

v. Civil No. 10-cv-141-LM

Gata Corporation, et al.

**O R D E R**

Before the court is plaintiffs' motion for leave to take five additional depositions, in excess of the ten provided for in the discovery order (doc. no. 21). A hearing on this motion took place on January 13, 2011. For the reasons that follow, the motion is granted.

In this civil action, plaintiffs, Coach, Inc. and Coach Services, Inc. ("Coach"), sue defendants Gata Corporation ("Gata"), Martin Taylor, and John Does 1 - 20 (collectively "defendants") alleging numerous trademark and copyright violations. Coach alleges that Gata and Martin Taylor own and manage a flea market known as the Derry Flea Market ("Flea Market"), located in Derry, New Hampshire and that the Flea Market has been and continues to be a "hot-bed" for the sale of counterfeit merchandise, including imitation Coach purses, handbags, scarves, and other items.

In its motion, plaintiffs seek to depose five additional fact witnesses. Four of the five witnesses are individuals the Derry police arrested and charged with violating the New Hampshire counterfeiting statute, for selling counterfeit products at the Flea Market. The names of these vendor witnesses are: Ke Wu Lian, Mei Chen Dong, Yu Hua Yang, and Guo-Lin Chen. The fifth witness is a Massachusetts resident (Jeff Mann) whom plaintiffs allege had a conversation with Mr. Taylor, which they assert will shed negative light on Mr. Taylor's credibility.

There is no dispute that plaintiffs have been both diligent and efficient in taking the ten depositions allowed by the discovery order. When possible, plaintiffs have placed multiple witnesses on the schedule for depositions to occur on the same date. For instance, five of plaintiffs' depositions occurred on a single day. The evidence to date reveals that plaintiffs have not taken unreasonably lengthy depositions. For instance, not one of the ten depositions has exceeded three hours in length. Despite plaintiffs' track record of expedient deposition-taking, defendants object to plaintiffs' request to exceed the limit of ten depositions.

Absent an agreement by the parties, Federal Rule Civil Procedure 30(a)(2)(A)(i) requires leave of court for a party to

take more than ten depositions. The Court must grant leave "to the extent consistent with Rule 26(b)(2)." The court must limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The purpose of the rule limiting the number of depositions is described in the Advisory Committee's Notes:

> It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

Fed. R. Civ. P. 30 advisory committee's note to 1993 Amendments.

As explained in a recent decision by Magistrate Judge Collings of the District of Massachusetts:

> [T]he purpose of the limitation in the rule is to force counsel to think long and hard about

> who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule. It is also true that courts should not freely grant relief from the limits without a showing of need.
>
> That being said, the Court does not believe that it is appropriate for a court to second-guess the need for additional depositions if counsel has a good-faith basis for seeking them and has made a prima facie showing that they are necessary. Counsel know the case far better than the court, and counsel's judgment about what it needed is entitled to a good deal of deference.

San Francisco Health Plan v. McKesson Corp., 264 F.R.D. 20, 21 (D. Mass. 2010).

The court applies the principles of Rule 26(b)(2) to plaintiffs' request for the additional depositions as follows.

A. Four Vendor Witnesses

Plaintiffs have only recently learned that the Derry police arrested four Flea Market vendors, all residents of New York, for selling counterfeit merchandise at the Flea Market. According to plaintiffs, all four have resolved their criminal charges by nolo contendre pleas. Plaintiffs want to depose these four witnesses in an effort to discover information about how they were able to sell the counterfeit products and the role, if any, that Mr. Taylor (or any Gata employees) may have played in the selling of these products.

Plaintiffs further allege that, at Mr. Taylor's deposition, Mr. Taylor emphatically denied counterfeit merchandise was being sold at the Flea Market after the June 2009 raid by federal law-enforcement agents which resulted in several arrests. Mr. Taylor testified that following the June 2009 raid, he had "clamped down" on sales of counterfeit merchandise at the Flea Market. According to the police reports recently obtained by plaintiffs, however, the four vendors were arrested for counterfeiting activity that post-dates June 2009. Plaintiffs want to depose the four vendors to discover evidence that could impeach Mr. Taylor's credibility on whether, or to what extent, Mr. Taylor "clamped down" on counterfeiting at the Flea Market after June 2009. Defendants object to the request to exceed the deposition limit arguing both that the four vendor witnesses live in New York and that it is not clear that they have relevant testimony.

Having weighed the arguments of counsel, the court permits plaintiffs to depose the four vendor witnesses. In so doing, the court makes the following findings: plaintiffs have shown good cause for these depositions as they appear reasonably calculated to lead to the discovery of potentially important evidence for trial; these depositions are not unreasonably cumulative or duplicative; there is no other source from which

plaintiffs can obtain the evidence that is more convenient, less burdensome, or less expensive; plaintiffs have not had "ample opportunity" to obtain this evidence; and the burden or expense of these depositions does not outweigh the benefit considering the nature of this case. See Fed. R. Civ. P. 26(b)(i); 26(b)(2)(d). Because the depositions will take place in New York, however, the court requires plaintiffs to reimburse defendants for their counsel's reasonable travel expenses related to the four depositions. See Fed. R. Civ. P. 26(b)(2)(c)(iii) (court must consider burden on non-moving party in weighing request to exceed deposition limit).

B. Jeff Mann

Plaintiffs assert that they recently learned about another witness, Jeff Mann, of Raynham, Massachusetts. Mr. Mann is the president of the National Flea Market Association. According to plaintiffs, Mr. Taylor spoke on the telephone with Mr. Mann about counterfeiting activity at the Flea Market. The telephone conversation occurred at a time relevant to this lawsuit. Mr. Taylor has no recollection of this conversation. Defendants object to this deposition on grounds of relevance and burden.

Having weighed the arguments of counsel, the court permits plaintiffs to depose Mr. Mann. The court finds that plaintiffs have made their request for this deposition in good faith and

have shown good cause. The deposition of Mr. Mann is reasonably calculated to lead to the discovery of admissible evidence at trial, as it may provide evidence to impeach Mr. Taylor's credibility. The court finds no basis under Rule 26(b)(2)(c) on which to deny this deposition.

CONCLUSION

For the aforementioned reasons, the court grants plaintiffs' request for leave to exceed the deposition limits contained in the court's discovery order and authorizes plaintiffs to take the five additional depositions requested in its motion (doc. no. 21). Plaintiffs shall reimburse defendants the cost of defendants' counsel's reasonable travel expenses related to the depositions of the four vendor witnesses who reside in New York.

SO ORDERED.

______________________________
Landya B. McCafferty
United States Magistrate Judge

Dated: January 20, 2011

cc: Kelly Martin Malone, Esq.
Thomas Morgan, Jr., Esq.
Adam M. Ramos, Esq.
Jeffrey K. Techentin, Esq.