```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW HAMPSHIRE
```

Coach, Inc., et al.

    v.                                    Civil No. 10-cv-141-LM

Gata Corporation, et al.

## **O R D E R**

Before the court is plaintiffs' motion to compel the production of documents (doc. no. 19), to which defendants filed no response. A hearing on this motion took place on January 13, 2011. For the reasons that follow, the motion is granted.

In this civil action, plaintiffs, Coach, Inc. and Coach Services, Inc. ("Coach"), sue defendants Gata Corporation ("Gata"), Martin Taylor, and John Does 1 - 20 (collectively "defendants") alleging numerous trademark and copyright violations. Coach alleges that Gata and Martin Taylor own and manage a flea market known as the Derry Flea Market ("Flea Market"), located in Derry, New Hampshire, and that the Flea Market has been and continues to be a "hot-bed" for the sale of counterfeit merchandise, including imitation Coach purses, handbags, scarves, and other items.

On August 23, 2010, Coach issued Gata a request for the production of documents and things (doc. no. 19-2) which contained twenty-six separately numbered requests.  Having received no response to its request, Coach inquired of Martin Taylor about it at his September 30, 2010, deposition:

> Q. Do you understand that your responses to these were due Monday of this week?
>
> A. Didn't realize that.
>
> Q. So you haven't done anything at this point?
>
> A. No.
>
> Q. And it would be fair to say that you haven't either yourself or through your attorney served any responses to these requests, correct?
>
> A. Apparently not.

Doc. No. 19-4, at 27.  During that deposition, counsel for Coach stated his intent to continue the deposition upon receipt of the requested documents.  Id. at 28.[1]

On October 7, 2010, still having received no response to the request, Coach contacted defendants' counsel in an effort to inquire as to the status of the requested documents.  Doc. No. 19-3.  Defendant did not respond to this inquiry.  Id.

---

[1] Although not discussed in their written submission, plaintiffs deposed Kathi Taylor, Mr. Taylor's daughter, on the same day they deposed Mr. Taylor.  At the January 13 hearing, plaintiffs explained that the basis for their request to continue Ms. Taylor's deposition is identical to their request with respect to her father's deposition.

2

In accordance with the informal discovery procedure outlined by the court in its order dated July 22, 2010 (doc. no. 17), on October 19, 2010, Coach contacted this court's case manager to place the discovery issue in front of the court for informal resolution. Defendant did not timely respond to this court's informal attempts to schedule the matter for resolution via a telephone conference. Coach ultimately filed the instant motion to place the matter before this court for formal ruling.

On October 27, 2010, defendant sent Coach a written response to its request, and identified documents under its custody and control responsive to certain of Coach's individual requests (doc. no. 19-5). In addition, defendant objected to request no. 4 as overly broad and burdensome. Although defendant indicated it possessed documents relevant to 7 of the requests, defendant attached no documents to its written response. As of December 15, 2010, the date Coach filed its motion to compel, Coach had received no documents from defendant in response to its August 23, 2010, request.

Under the Federal Rules of Civil Procedure, a party to whom a request for the production of documents is directed must respond "within 30 days of being served." Fed. R. Civ. P. 34(b)(2)(A). A party may object to a request and seek a protective order in lieu of responding, but the party may not

ignore a production request to which it has not objected. See Fed. R. Civ. P. 34(b)(2).

Where one party fails to produce requested documents and the requesting party has conferred and attempted to resolve the matter, the requesting party may file a motion to compel the party to disclose the requested documents. Fed. R. Civ. P. 37(a)(1); 37(a)(3)(A). If the motion to compel is granted, the court must, after giving the responsible party notice and an opportunity to be heard, require that party to pay the movant his reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

Here, defendant has failed to produce the requested documents despite Coach's good faith efforts to resolve the matter short of formal litigation. Coach then filed a motion to compel defendant's compliance. Defendant has filed no response to that motion. Having failed to file any response to the motion to compel, defendant has waived its right to object to the production of the requested documents.

Defendants asserted at the hearing that they did not file any response to the motion to compel because they believed the issue was being resolved informally with the court. Defendants did not, however, deny that they received a copy of plaintiffs' motion to compel. Plaintiffs filed the motion to compel only

after defendants failed to respond in a timely manner to plaintiffs' earlier attempts to resolve the dispute informally with the court.  Under these circumstances, defendants' proffered excuse provides them no refuge from the requirement in Rule 37(a)(5)(A), that the party whose conduct necessitated the motion pay the movant's reasonable expenses incurred in filing the motion.  The court finds no substantial justification for defendants' nondisclosure.  Nor does the court find an award of expenses unjust.

For the reasons contained in Coach's memorandum in support of its motion to compel and stated by plaintiffs' counsel at the hearing, the court grants plaintiff's motion to compel. Defendants are hereby ordered:

(A) to produce for inspection on or before January 21, 2011, all documents and things within its custody and control responsive to Coach's request for production dated August 23, 2010 (doc. no. 19-2), specifically requests numbered 4, 8, 11, 14, 15, 18 and 20; and

(B) to cooperate with plaintiffs' counsel in scheduling the continued depositions of Martin and Kathi Taylor after plaintiffs' counsel has had an opportunity to review the documents referred to in paragraph A above, even if such depositions take place after the close of discovery; and

(C) to pay plaintiffs the reasonable costs related to their motion to compel, including attorney's fees.

Plaintiffs are ordered to provide a detailed statement of their costs and fees related to the motion to compel within ten (10) days.  Within ten (10) days thereafter, defendants shall pay these costs and fees.  Should defendants dispute the reasonableness of the plaintiffs' statement of costs and fees, defendants shall request a hearing thereon.  Such hearing may only be requested after defendants have attempted in good faith to resolve any such dispute with opposing counsel.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated:  January 20, 2011

cc:  Kelly Martin Malone, Esq.
     Thomas Morgan, Jr., Esq.
     Adam M. Ramos, Esq.
     Jeffrey K. Techentin, Esq.