```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Coach, Inc., et al.

    v.                                 Civil No. 10-cv-141-LM

Gata Corporation, et al.

**O R D E R**

    Before the court is plaintiffs' motion to compel the production of documents (doc. no. 27).  Defendants have filed no response.  This is the second motion to compel that plaintiffs have been forced to file in this case.  A hearing on the motion took place on March 8, 2011.  For the reasons that follow, the motion is granted.

    Plaintiffs, Coach, Inc., and Coach Services, Inc. ("Coach"), have sued defendants Gata Corporation ("Gata"), Martin Taylor, and John Does 1 - 20 (collectively "defendants") alleging numerous trademark and copyright violations.  Coach alleges that Gata and Taylor own and manage a flea market known as the Derry Flea Market ("Flea Market"), located in Derry, New Hampshire, and that the Flea Market has been and continues to be a "hot-bed" for the sale of counterfeit merchandise, including imitation Coach purses, handbags, scarves, and other items.

On November 30, 2010, Coach served Gata and Taylor with requests for the production of documents and things containing fifteen numbered requests. Issued separately to Gata and Taylor, the requests are identical. On or about January 20, 2011, having received an insufficient and untimely response to its request from Gata, and no response from Taylor, Coach's counsel contacted defendants' counsel by email and notified him that Gata's responses were insufficient and that Taylor's were nonexistent. Coach stated that in the absence of sufficient responses from both Gata and Taylor, a motion to compel would be filed. Defendants' counsel did not respond to that email.

Under the Federal Rules of Civil Procedure, a party to whom a request for the production of documents is directed must respond "within 30 days of being served." Fed. R. Civ. P. 34(b)(2)(A). A party may object to a request and seek a protective order in lieu of responding, but the party may not ignore a production request to which it has not objected. See Fed. R. Civ. P. 34(b)(2).

Where one party fails to produce requested documents and the requesting party has conferred and attempted to resolve the matter, the requesting party may file a motion to compel the party to disclose the requested documents. Fed. R. Civ. P. 37(a)(1); 37(a)(3)(A). If the motion to compel is granted, the

court must, after giving the responsible party notice and an opportunity to be heard, require that party to pay the movant his reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

Here, defendants have failed to produce the requested documents despite Coach's good faith efforts to resolve the matter short of formal litigation. Coach then filed a motion to compel defendants' compliance. Defendants have filed no response to that motion. Having failed to file any response to the motion to compel, defendants have waived their right to object to the production of the requested documents.

At the hearing on this motion to compel, defendants' counsel, Thomas Morgan, Jr., Esquire, could not explain why his clients filed no response to the motion to compel. Coach's counsel, Jeffrey K. Techentin, Esquire, stated that he had telephoned Mr. Morgan in advance of the hearing and explained to Mr. Morgan that, with respect to Taylor, a written statement from Taylor confirming that Taylor's responses would be identical in every respect to Gata's responses would satisfy Coach. Mr. Morgan did not send such a letter on behalf of Taylor or otherwise respond to Techentin's offer.

At the hearing, Mr. Morgan offered no justification for Taylor's failure to provide responses to Coach's request. Nor

could Mr. Morgan explain why he had not responded to and communicated in good faith with Mr. Techentin about whether Taylor's responses, if produced, would be identical to Gata's.

At the hearing, the court took the parties through Coach's request and Gata's responses thereto, on-by-one, to determine what documents Coach was lacking and whether Gata's response was adequate under the circumstances. In almost every instance, Gata's response was inadequate and its proffered justification insufficient.

By the end of the hearing, it was clear to the court that Mr. Morgan had not performed with even minimal diligence in responding to Coach's document requests. Mr Morgan repeatedly expressed to the court his "assumption" that a third party, (e.g., Gata's and Taylor's accountant), had provided the requested records to Coach. Prior to the hearing on Coach's motion to compel, at which time Mr. Morgan was on notice that Coach still did not have the requested documents, Mr. Morgan took no action to determine what documents the accountant had (or had not) provided to Coach. At the hearing, and, in response to Coach's assertions that it still had not received certain documents, Mr. Morgan stated that he "believed the documents had been provided to Coach." His "belief" in this regard was just that, a belief. Mr. Morgan had taken no action

4

(such as speaking directly with the accountant and/or reviewing the documents she provided to Coach) to confirm or dispel his belief.

By way of example, Gata neglected to include a response to request no. 14, which asked for copies of W-2 statements issued to any Gata employee for tax years 2006 to date. At the hearing, Mr. Morgan explained that Gata's failure to respond was an "oversight," and, in any event, these forms for tax years 2003 through 2008 "were already provided." Mr. Techentin refuted Mr. Morgan's assertion and explained that he did not have any such forms for the tax years 2003 through 2006. Mr. Morgan rested his assertion on what he "assumed" the defendants' accountant had turned over to Coach pursuant to a subpoena.

By way of a further example, in response to a query from the court about Gata's answer to request no. 4 (documents related to the IRS audit), Mr. Morgan stated that he did not know if such documents existed. But Gata's answer to request no. 4 states: "These documents have already been provided by the records delivered under subpoena by defendant's accountant." It was clear to the court that Mr. Morgan did not know whether the documents existed, and, if so, whether they had been produced to Coach. This exchange was typical of what transpired throughout the hearing on the motion to compel.

Mr. Morgan's clients, Gata and Taylor, not their accountant, are responsible for complying with Coach's discovery requests. Defendants have failed in every respect to comply with their obligations under Rule 34(b).

The court has held two hearings on discovery issues in this case. Neither hearing would have been necessary had Mr. Morgan been responsive to Mr. Techentin concerning Coach's outstanding discovery requests. Mr. Techentin has attempted to communicate with Mr. Morgan at every point in the case when he is in need of, and entitled to, further discovery from Gata (and/or Taylor). In short, Mr. Morgan has refused to respond to Mr. Techentin, and Mr. Techentin has had to employ the court's assistance to obtain this necessary discovery. Mr. Techentin has appeared more than willing to accept Mr. Morgan's assurances at these hearings that certain discovery does not exist, but it should not require a hearing to obtain definitive responses to discovery requests. To the extent any further hearings on discovery are necessary in this case, the court orders Martin Taylor to be present in court for all such hearings. No waiver of his presence will be permitted.

The court finds that defendants' conduct necessitated the filing of this motion to compel and that defendants shall pay Coach's reasonable expenses incurred in filing the motion. Fed.

R. Civ. P. 37(a)(5)(A). The court finds no substantial justification for defendants' nondisclosure. Id. Nor does the court find an award of expenses unjust. Id.

For the reasons contained in Coach's memorandum in support of its motion to compel and stated by Coach's counsel at the hearing, the court grants Coach's motion to compel (doc. no. 27). Defendants are hereby ordered to:

(A) produce for inspection on or before March 31, 2011, all documents and things within its custody and control responsive to Coach's two requests for production dated November 30, 2010 (doc. nos. 27-2 & 27-3); and

(B) pay Coach the reasonable costs related to the motion to compel, including attorney's fees.

Coach is ordered to provide a detailed statement of its costs and fees related to the motion to compel within ten (10) days. Within ten (10) days thereafter, defendants shall pay these costs and fees. Should defendants dispute the reasonableness of Coach's statement of costs and fees, defendants shall request a hearing thereon. Such hearing may only be requested after defendants have attempted in good faith

to resolve any such dispute with opposing counsel. In the event a hearing is necessary, Martin Taylor shall be present in the courtroom.

    SO ORDERED.

                                        _____
                                        Landya B. McCafferty
                                        United States Magistrate Judge

Dated:  March 16, 2011

cc:  Kelly Martin Malone, Esq.
     Thomas Morgan, Jr., Esq.
     Adam M. Ramos, Esq.
     Jeffrey K. Techentin, Esq.