UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Coach, Inc., et al.

    v.                         Civil No. 10-cv-141-LM

Gata Corporation, et al.

**O R D E R**

Before the court is a Motion to Adjudge Gata Corporation in Contempt (doc. no. 30) filed by Coach, Inc., and Coach Services, Inc. (collectively "Coach" or "plaintiffs"). A hearing on the motion took place on March 8, 2011.

The background facts are as follows. In an order dated January 20, 2011, the court granted plaintiffs' motion to compel and ordered defendant, Gata Corporation ("Gata" or "defendant"), to turn over certain documents and to pay costs and fees related to the motion. The court set out the following timeframe for compliance:

> Defendants are hereby ordered:
>
> (A) to produce for inspection on or before January 21, 2011, all documents and things within its custody and control responsive to Coach's request for production dated August 23, 2010 (doc. no. 19-2), specifically requests numbered 4, 8, 11, 14, 15, 18 and 20; and

>        (B) to cooperate with plaintiffs' counsel in scheduling the continued depositions of Martin and Kathi Taylor after plaintiffs' counsel has had an opportunity to review the documents referred to in paragraph A above, even if such depositions take place after the close of discovery; and
>
>        (C) to pay plaintiffs the reasonable costs related to their motion to compel, including attorney's fees.
>
>     Plaintiffs are ordered to provide a detailed statement of their costs and fees related to the motion to compel within ten (10) days.  Within ten (10) days thereafter, defendants shall pay these costs and fees.  Should defendants dispute the reasonableness of the plaintiffs' statement of costs and fees, defendants shall request a hearing thereon.  Such hearing may only be requested after defendants have attempted in good faith to resolve any such dispute with opposing counsel.

Doc. No. 26.  Gata has failed to comply with the court's January 20 order.  As a result, Coach filed the instant motion for contempt.

I.  <u>Factual Findings</u>

Having considered the parties' briefs and the arguments of counsel at the hearing, the court makes the following factual findings:

1.  In accordance with the court's order, Coach supplied Gata with an invoice of its costs and fees related to the filing of the motion to compel (doc. no. 19).

2. Gata's counsel, Thomas Morgan, Jr., Esquire, reviewed Coach's invoice for costs and fees and found nothing objectionable about it. Mr. Morgan forwarded the invoice to Gata's principal, Defendant Martin Taylor, for payment.

3. As of the date of the hearing on the motion for contempt, Coach had not received payment. Nor had Coach's counsel received any sort of objection to the invoice or explanation for its nonpayment.

4. At the hearing, Mr. Morgan stated that, although Mr. Taylor had a telephone, Mr. Morgan had not spoken to him in a "couple of weeks."

5. Mr. Morgan offered no explanation as to why Gata had not complied with this aspect of the court's order.

6. Despite the court's January 20 order requiring Gata to produce financial records immediately following the issuance of its order, as of February 2, 2011, Coach had received no further documents from Gata.

7. On February 2, 2011, Coach's counsel telephoned Mr. Morgan and left a voicemail message inquiring about the status of the financial records.

8. Having heard nothing in response to his voicemail message, Coach's counsel sent Mr. Morgan an email following up on the voicemail.

9. As of the date of the contempt motion, February 9, 2011, Coach's counsel had heard nothing from Mr. Morgan or Gata in response to his various inquiries.

10. On February 15, 2011, at a deposition in the case, Mr. Morgan provided Coach's counsel with a box containing a stack of documents. Notably, this is the same date on which Gata filed its objection to the contempt motion.

11. As of the date of the hearing on the contempt motion, Coach still had not received a significant portion of the financial records Coach had requested in its original request for production and that the court had subsequently ordered Gata to produce to Coach by January 21, 2011.

12. The categories of documents that Gata has still failed to produce include:

> (a) records from 2006 to date that substantiate the costs to Gata of running the flea market (i.e., records that Gata must provide to the I.R.S. during an audit to substantiate any tax deductions Gata would claim for expenses for running the flea market);
>
> (b) state tax returns from tax year 2005 to date;
>
> (c) W-2 and/or 1099 forms for any employees or independent contractors of Gata;

    (d) quarterly tax returns for Gata (excluding those for tax years 2008-2009, which Coach already has); and

    (e) documents verifying and explaining the financial transaction that Taylor described during his deposition, (*i.e.*, Taylor testified that he "took $100,000.00 out of the company" within a few months following the June 2009 federal raid of the Flea Market).

13.  Gata's counsel, Mr. Morgan, has not acted with due diligence in either (a) retrieving the documents for Coach, or (b) communicating with Coach about their existence and availability.

14.  Gata has failed to obey the court's order dated January 20, 2011, in the following ways:

    (a) As of the date of the March 8 hearing, Gata had not paid Coach's invoice for fees and costs -- despite the timeline laid out in the Court's January 20 order.  There being no objection to the invoice, payment to Coach was due on February 9, 2011.

    (b) As of the date of Coach's motion for contempt, Gata had provided no documents to Coach -- despite the Court's January 20 order requiring almost immediate production.

    (c) As of the date of the hearing on the contempt motion, Gata still had not produced to Coach all of the court-ordered documents.

15.  Gata's failure to comply with the court's January 20, 2011, order was knowing, voluntary, and, in every respect, without justification.

II. <u>Sanction for Gata's Failure to Obey the Discovery Order</u>

As a sanction, Coach asks the court to order Gata to pay its reasonable costs and attorneys' fees associated with filing the contempt motion and to order that certain alleged facts, adverse to Gata, be found as true and established for purposes of the case. Coach argues that Gata's contemptuous failure to produce its financial records makes it difficult, if not impossible, for Coach to gather information relevant to its damages claims. Specifically, Coach requests this court to deem the following facts to be established: (1) all income realized by Gata from 2005 to the present is derived from the sale of counterfeit, "knock-off" Coach merchandise; and (2) Gata is the "alter ego" of Martin Taylor (or such other fact as would be sufficient to pierce the corporate veil of Gata).

The court's rulings with respect to sanction are as follows:

1. Because Gata has failed to obey the discovery order dated January 20, 2011, Gata is in contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii).

2. Gata shall pay Coach's reasonable costs and attorneys' fees related to Coach's filing of the contempt motion (doc. no. 30).

3. On or before March 31, 2011, Gata shall comply fully with the terms of the January 20, 2011, discovery order, as specifically laid out in paragraphs A-C at pages 5-6 of the order. At the hearing, Mr. Techentin limited the scope of the discovery he was demanding to those categories of documents listed in section I(12) of this order. However, because Gata has not answered requests 4, 8, 15, and 20 of the original request for production (doc. no. 19-2), the court orders Gata to answer those requests specifically and completely, and to provide responses to each category of document listed in section I(12) of this order. To that end, Gata must respond in writing by citing the specific documents responsive to each of these requests, providing the documents (or ensuring by telephone or other direct communication with Mr. Techentin that Mr. Technetin already has the documents), or stating in writing that such documents do not exist.

4. Should Gata fail, on or before March 31, 2011, to comply fully with the terms of the January 20, 2011, order, the court will enter the following two factual findings as established in this case:

> (a) All income realized by Gata from 2005 to the present is derived from the sale of counterfeit (or "knock-off") Coach merchandise; and

7

(b) Gata and Martin Taylor are alter egos of one another.[1]

III. Conclusion

Accordingly, Gata is ordered to:

(A) produce for inspection on or before March 31, 2011, all documents and things within its custody and control responsive to plaintiffs' request for production dated August 23, 2010 (doc. no. 19-2), specifically requests numbered 4, 8, 15, and 20, and as outlined in section II(3) of this order;

(B) cooperate with plaintiffs' counsel in scheduling the continued depositions of Martin and Kathi Taylor after plaintiffs' counsel has had an opportunity to review the documents referred to in paragraph A above, even if such depositions take place after the close of discovery;

(C) forward to plaintiffs, on or before March 31, 2011, payment in full for its previously submitted invoice for costs and fees related to document no. 19; and

---

[1] These two factual findings are warranted on this record as a sanction for Gata's contempt. Fed. R. Civ. P. 37(b)(2)(A)(i). However, the Court effectively holds this portion of the sanction (II, 4a & 4b) in abeyance, giving Gata further time to comply with the discovery order.

(D) pay plaintiffs the reasonable costs related to the instant motion for contempt (doc. no. 30) including attorneys' fees. Plaintiffs are ordered to provide to Gata a detailed statement of their costs and fees related to document number 30 on or before March 28, 2011. Gata shall pay these costs and fees on or before April 11, 2011. Should Gata dispute the reasonableness of the plaintiffs' statement of costs and fees, Gata shall request a hearing thereon on or before April 11, 2011. Such hearing may only be requested after Gata has attempted in good faith to resolve any such dispute with opposing counsel.

With respect to paragraphs (A) through (C), plaintiffs shall certify to the court in writing on or before April 7, 2011, whether and/or what extent Gata has complied with those orders. An affidavit from plaintiffs' counsel, Jeffrey K. Techentin, Esquire, will suffice. Gata shall have until April 14, 2011, to file a response. The court holds the portion of this sanction outlined in sections II(4)(a)-(b), in abeyance. Should the court receive notice of Gata's compliance with the January 20, 2011, discovery order, the sanctions held in abeyance shall not be imposed. Should Gata fail to comply as

outlined herein, the court will impose that portion of this sanction.

    Plaintiff's motion for contempt (doc. no. 30) is hereby granted in part.

    SO ORDERED.

                                     _____
                                      Landya B. McCafferty
                                      United States Magistrate Judge

Dated:  March 17, 2011

cc:   Kelly Martin Malone, Esq.
      Thomas Morgan, Jr., Esq.
      Adam M. Ramos, Esq.
      Jeffrey K. Techentin, Esq.