```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Coach, Inc., and
Coach Services, Inc.

   v.                                    Civil No. 10-cv-141-LM

Gata Corporation, Martin
Taylor and John Does
1 through 20

### O R D E R

In an order dated March 17, 2011 (doc. no. 42), the court found defendant Gata Corporation ("Gata") in contempt ("contempt order") for having failed to comply with a previous discovery order of the court.  In the contempt order, the court ordered Gata, inter alia, to provide plaintiffs, Coach, Inc. and Coach Services, Inc. (collectively "Coach"), answers to certain overdue discovery requests, on or before March 31, 2011.

The contempt order provided that, in the event Gata failed to comply fully with its terms, the court would enter certain findings of fact adverse to Gata as established in this case. The contempt order required Coach to provide the court with a status update on or before April 7, 2011, and gave Gata until April 14, 2011, to file a response.  Coach has filed its status

report (doc. no. 48), and Gata has filed a response (doc. no. 49).

In its report, Coach concedes that Gata has "at long last produced many of the documents requested," but Coach maintains that Gata has still failed to supply significant financial documentation. Having carefully reviewed the parties' submissions, the court finds that Gata appears to have complied substantially with the terms of the contempt order. As a result, the court will not, at this time, enter the adverse findings against Gata that were held in abeyance pending Gata's compliance with the terms of the contempt order.

However, it appears clear from Coach's submission that Gata's most recent document production, alongside the March 29, 2011, letter of Gata's counsel, Thomas Morgan, Esq., (doc. no. 48-2), has raised new questions about defendants' finances that are relevant and deserving of Gata's immediate attention and response.

Accordingly, on or before May 19, 2011, Gata shall produce for inspection all documents and things within its custody and control responsive to the topics raised in Coach's status report (doc. no. 48) at paragraphs 8 through 12, including the following:

(1) Invoices for fiscal year ending June 30, 2009, that substantiate Gata's payments to Donald Taylor of $66,705.00, and to Mark Young of $39,715.00. Invoices for fiscal year ending June 30, 2010, that substantiate Gata's payments to Donald Taylor of $28,125.00 and to Edward Hebert of $14,425.00. Gata shall also produce the 1099 documentation related to each of the above business expenses. See doc. no. 48 at ¶ 8.

(2) Documents that substantiate defendants' assertion that the $100,000.00 payment on June 28, 2009, from Gata to defendant, Martin Taylor, and his daughter, Kathi, which Gata recorded as a rental payment (and claimed as a business expenses on its corporate tax return), was, in fact, a payment for renting the adjoining property. Any one of the following documents would be responsive: a rental or other contractual agreement between Gata and the Taylors; prior invoices or payments by Gata to the Taylors evidencing this rental agreement; letters or other correspondence memorializing the rental agreement; and/or title to the adjoining property evidencing the Taylors' ownership thereof. See doc. no. 48 at ¶ 9.

(3) Records or other documentation (to include loan agreements, promissory notes, or records of payment) concerning

3

the transactions described in Gata's five tax returns for taxable years July 1, 2005 through June 30, 2010, as "shareholder loans," and any records showing the effect of Gata's cash flow as a result of these "loans."  See doc. no. 48 at ¶ 10.

(4) A list of all corporate "officers" to whom Gata paid any sums of money from July 1, 2005, through June 30, 2010, as referenced in Mr. Morgan's letter dated March 29, 2011 (doc. no. 48-2).  The list shall include the name of the "officer," the amount paid, and the reason for the payment.  See doc. 48 at ¶ 10.

(5) Documentation to substantiate the mortgages on Gata's property evidenced in Gata's financial statements and described by Mr. Morgan in his March 29, 2011, letter (doc. no. 48-2). This documentation shall include the mortgage documents, any records reflecting the existence and nature of the mortgages, the parties involved, and the terms and/or payments made on those mortgages.  See doc. no. 48 at ¶ 11.

(6) Documents pertaining to the IRS audits of Martin Taylor and his corporate activities, including original documentation from the IRS informing Mr. Taylor of the audits, correspondence from the IRS requesting information, and/or any correspondence

4

between Mr. Taylor and his representative to the IRS.  See doc. no. 48 at ¶ 12.

As the aforementioned discovery is related to Coach's original request for the production of documents (doc. no. 19-2), particularly requests nos. 4 and 20, Gata must provide it to Coach, as outlined above, on or before May 19, 2011.  If Gata is unable to produce the aforementioned documentation, Gata's counsel shall state in writing to Coach's counsel, Jeffrey Techentin, Esq., on or before May 19, 2011, the efforts counsel made to locate the specific documentation (including a list of individuals with whom he inquired) and the precise reason(s) the documentation is not forthcoming.  Any such writing shall separately list and precisely identify the missing or unavailable documentation by topic area (using the paragraphs numbered 1-6 in this order, supra at pp. 3-4), so that Mr. Techintin will be able to discern, with respect to each separate topic area, both the efforts Gata has made to obtain the specific documentation and the reasons Gata claims the specific documentation is unavailable.

Failure to comply with the terms of this order will result in sanctions.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 29, 2011

cc: Kelly Martin Malone, Esq.
 Thomas Morgan, Jr., Esq.
 Adam M. Ramos, Esq.
 Jeffrey K. Techentin, Esq.