```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Coach, Inc. and
Coach Services, Inc.

   v.                                        Case No. 10-cv-141-LM

Gata Corporation
and Martin Taylor


## O R D E R

Before the court is plaintiffs' motion regarding the sufficiency of some of defendants' answers to plaintiffs' requests for admissions. In their motion, plaintiffs ask the court either to strike certain portions of defendants' responses and deem the matters admitted, or to order defendants to serve amended answers that comply with Rule 36(a)(4) of the Federal Rules of Civil Procedure ("Federal Rules"). Defendants have not responded. For the reasons that follow, and to the extent described below, plaintiffs' motion is granted.

The Federal Rules describe in some detail the standards a party must meet when answering requests for admissions:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the

>  answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Plaintiffs contend that nineteen of defendants' answers fail to meet one or more of the standards articulated above. Specifically, they argue that: (1) the answer to Request 18 does not adequately assert a lack of knowledge or information; (2) the answers to Requests 2, 4, 20, 25, 31, and 46-50 fail to clearly admit or deny the matters described in those requests; (3) the answers to Requests 21, 25, 28, 29, 37, and 38 include impertinent material that should be stricken; and (4) the answers to Requests 36, 40, and 42 are entirely nonsensical. Based upon its own assessment of defendants' answers, the court agrees with plaintiffs that those answers are, indeed, deficient for the reasons articulated in plaintiffs' motion.

Plaintiffs ask the court to strike certain material from some of defendants' responses and to deem certain matters admitted, due to the deficiencies in some of defendants' responses. Indeed, when a party moves "to determine the sufficiency of an answer," Fed. R. Civ. P. 36(a)(6), the court,

"[o]n finding that an answer does not comply with [Rule 36] . . . may order either that the matter is admitted or that an amended answer be served," id. Here, the court is persuaded that the better course is to order defendants to serve an amended answer that addresses plaintiffs' concerns and complies with Rule 36(a)(4). Accordingly, defendants shall have ten days from the date of this order to serve amended answers to each of the nineteen requests identified above. If, howoever, defendants fail to do so, then the matters in each of those requests shall be deemed admitted.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 21, 2011

cc: Kelly Martin Malone, Esq.
    Sean T. O'Connell, Esq.
    Jeffrey K. Techentin, Esq.